1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

7
8
9

| | |
|---|---|
| Frank's Landing Indian Community, a self-governing dependent Indian community, by and through its Community Council (Yesmowit Mills, chairman; Keetchud'cabacud Kay Mills, vice chair; Chi-Tol-Bia Mills, secretary; Yekaboltza Mills, council member; Marie Frank Ironpipe, council member), and its members, including the above-named council members and Clarence Sidney Mills, Ervina "Binah" McCloud, Deonna McCloud, Sy-kah Mills John, Dakota Case, Dillon Woodward, and Qual-Beet-Tub Mills, all in their official capacities and personal capacities as members of federally recognized tribes and as beneficiaries of rights under the Treaty of Medicine Creek (1854), | Case No. 3:25-cv-05929

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

10
11
12
13
14
15
16
17
18
19

         *Plaintiff,*

20

vs.

21
22
23

Linda Myhre Enlow, in her official capacity as clerk of the Superior Court for Thurston County, Washington,
         *Defendant.*

24
25
26

      Plaintiffs, the Frank's Landing Indian Community, a self-governing dependent Indian

27

community, by and through its Community Council (Yesmowit Mills, Chairman;

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 1

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

Keetchud'cabacud Kay Mills, Vice Chair; Chi-Tol-Bia Mills, Secretary; Yekaboltza Mills, Council Member; and Marie Frank Ironpipe, Council Member), together with other named plaintiffs, all members of federally recognized tribes, beneficiaries of rights enumerated in the Treaty of Medicine Creek (1854), and defendants in the state court action *Wa He Lut Indian School v. Anza Smith et al.*, No. 24-2-02515-34 (Thurston County Superior Court), by and through their undersigned counsel, allege as follows:

## I.    Nature of the Case

1. This action seeks declaratory and injunctive relief under 42 U.S.C. § 1983 to enjoin defendant Linda Myhre Enlow, in her official capacity as clerk of the Superior Court for Thurston County, from performing ministerial acts that facilitate state court proceedings in violation of federal law.

2. The Frank's Landing Indian Community is a self-governing dependent Indian community, and the lands at issue were set aside by the United States for its benefit.

3. The Bureau of Indian Education (BIE) and Bureau of Indian Affairs (BIA) are responsible for funding and oversight of the Wa He Lut Indian School, and the federal government has a trust responsibility to the community in this context.

4. Critically, all of the state law claims in the underlying action including trespass, conversion, and criminal profiteering are grounded in property rights within Indian country.

5. State courts are expressly barred from adjudicating ownership or right to possession of such property under 28 U.S.C. § 1360(b), 18 U.S.C. § 1162(b), and 25 U.S.C. § 1322(b).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 2

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

6. The state court's continued exercise of jurisdiction, despite undisputed admissions and public records establishing the land's status as Indian country under 18 U.S.C. § 1151(b), has irreparable harmed the plaintiffs' federally protected rights of self-governance, treaty rights, and educational autonomy.

## II.    Indian Country Analysis (Venetie Test):

7. The Supreme Court has established that land qualifies as "Indian country" under 18 U.S.C. § 1151(b) if it meets a two-part test: (1) the land has been set aside by the federal government for the use of Indians as such, and (2) the land is under federal superintendence. See Alaska v. Native Village of Venetie Tribal Gov't, 522 U.S. 520, 527 (1998). Plaintiffs' claims rest on the admitted facts that the Wa He Lut Indian School land satisfies both prongs of this test, as detailed below.

## III.    Jurisdiction and Venue

8. This action arises under the Constitution and laws of the United States, including the Supremacy Clause, 42 U.S.C. § 1983 (deprivation of federal rights under color of state law), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1362 (actions by Indian Tribes and Dependent Indian Communities), and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiffs seek declaratory and injunctive relief to halt ongoing state interference in areas committed exclusively to federal and tribal jurisdiction, including the governance of Indian lands and the operation of a federally supported, tribally controlled school (State Court Plaintiff's Complaint. ¶¶3, 14–16, 13; see Ex. 2, 25 U.S.C. §§ 2501 et seq. (Federal courts may enjoin state violations of Indian law) (*Sycuan Band*, 788 F. Supp. at 1504–05,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 3

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

1509; *Sac & Fox Nation*, 47 F.3d at 1602), supported by *Nisqually*'s recognition of FLIC as Indian country (649 F. Supp. 2d at 1209–10).

9.  Jurisdiction is proper under 28 U.S.C. § 1362 because this action is brought by the Frank's Landing Indian Community Council, a governing body of a self-governing dependent Indian community, authorized by statute to receive federal programs and services (State Court Plaintiff's Third Amended Complaint. ¶3, 13; see Ex. 4, Pub. L. No. 100-153 § 10, 101 Stat. 889 (1987); Ex. 21, Pub. L. No. 103-435 § 8, 108 Stat. 4566 (1994); Ex. 22, Art. IV; 623 F.3d at 926–27).

10. The Frank's Landing Indian Community qualifies as "Indian Country" under 18 U.S.C. § 1151(b)(See also Frank's Landing Indian Cmty. v. Nat'l Indian Gaming Comm'n, 918 F.3d 610, 616 (9th Cir. 2019) (reaffirming FLIC's congressional recognition as a "self-governing dependent Indian community," and distinguishing this from formal tribal recognition for IGRA purposes), and is not subject to state civil adjudicatory jurisdiction under 28 U.S.C. § 1360(b). The land at issue remains federally owned and designated for educational and cultural purposes under Public Law 96-277, § 5(a), and is administered by the U.S. Department of the Interior (State Court Plaintiff's Complaint. ¶¶3, 13; see Ex. 2, Pub. L. 96-277; Ex. 20; Ex. 28.

11. This Court also has jurisdiction because Plaintiffs assert injuries arising from violations of federally protected treaty rights secured under the Treaty of Medicine Creek (1854), as well as ongoing violations of the Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. §§ 5301 et seq., the Tribally Controlled Schools Act (TCSA), 25 U.S.C. §§ 2501 et seq., and constitutional protections against unlawful state

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 4

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

interference in a Dependent Indian Community's self-governance affairs. (See State Court Plaintiff's Complaint. ¶4, 20-21; see Ex. 2).

12. This is not an appeal of a state court judgment. No judgement on the merits of the case has been decided. Plaintiffs challenge ongoing, unlawful acts by a state court clerk and related actors, taken under color of state law, that intrude upon areas of exclusive federal and tribal control. These are independent claims under federal law, and are not barred by the Rooker-Feldman doctrine. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). For Younger abstention, Plaintiffs assert bad faith and irreparable harm due to the state court's refusal to recognize federal jurisdiction (*Gibson v. Berryhill*, 411 U.S. 564, 573 (1973)).

13. Moreover, Younger abstention is inapplicable because the state forum is inadequate for federal claims. After Defendants filed a motion for reconsideration on March 3, 2025, the Superior Court denied reconsideration on March 20, 2025 (Ex. 10) and, the same day, issued an order warning that further jurisdictional motions may result in sanctions (Ex. 11), thereby chilling the assertion of treaty- and statute-based defenses and confirming the inadequate opportunity to raise federal claims.

14. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in Thurston County, within this district.

### IV.    Parties

A. Frank's Landing Indian Community Council

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 5

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

15. The following plaintiffs were appointed in 2022 to serve as the governing body of the Frank's Landing Indian Community, following more than seven years of inactivity by the previous community council. Under the 2007 constitution, a quorum of five was required, but several prior council members had become incapacitated. The current council was appointed by community elders, including founding member Suzette Bridges. Plaintiff Yekaboltza Mills previously served as chairwoman of the Frank's Landing Indian Community. The Community Council serves as the governing body of the Frank's Landing Indian Community, a self-governing dependent Indian community recognized by Congress and eligible for federal programs and services under Public Laws 100-153 and 103-435 (see Ex. 21; Ex. 22; Ex. 4A at 1–4), and as recognized in Nisqually Indian Tribe v. Gregoire, 649 F. Supp. 2d 1203, 1205 (W.D. Wash. 2009).

16. Each council member is a defendant in the state court action Wa He Lut Indian School v. Anza Smith et al., No. 24-2-02515-34 (Thurston County Superior Court), and brings this action in their personal, and official capacities. (*See* State Court Plaintiff's Third Amended Complaint ¶ 2 (Ex. 4)).

17. The current Community Council is comprised of the following plaintiffs: Yesmowit Mills, chairman; Keetchud'cabacud Kay Mills, vice chair; Chi-Tol-Bia Mills, secretary; Yekaboltza Mills, council member; and Marie Frank Ironpipe, council member.

18. The Community Council is vested with governmental authority by the Community Constitution (*See* Amended Const. Art. IV, §§ 1–3 (Ex. 26)), and the current Council passed a resolution authorizing this federal suit (Ex. 1). *See* also BIE Letter confirming Wa He Lut is a tribally controlled school operated by the Frank's Landing Indian Community (Ex. 27 at 1 & n.1).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 6

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

B. Individual Community Members

19. The following plaintiffs are members of the Frank's Landing Indian Community, each of whom is a defendant in the state court action and brings this action in their individual capacity. Each is a member of a federally recognized tribe and asserts rights and interests protected by federal law (see State Court Plaintiff's Third Amended Complaint ¶ 2 (Ex. 4)):

20. Dakota Case; Deona McCloud; Ervina "Binah" McCloud, contracted superintendent of the Wa He Lut Indian School; Syka John; Clarence Sidney Mills; Dillon Woodward; Qual-Beet-Tub Mills.

21. Each plaintiff has suffered and continues to suffer specific, individualized, and ongoing harms directly tied to the clerk's facilitation of state court litigation, including forced participation as defendants, interference with community governance, and threats to federally protected self-governance and treaty rights (see State Court Plaintiff's Third Amended Complaint ¶¶ 34–36, 39–42, 47–49, 58–59; Ex. 4). In addition, Ervina "Binah" McCloud has suffered loss of income due to the breach of her employment contract as superintendent of the Wa He Lut Indian School.

22. Each plaintiff also has children who could be attending the school but are unable to do so due to the poor conditions resulting from the ongoing dispute and state interference.

23. All plaintiffs are incurring significant time and monetary losses defending the state court case.

24. Furthermore, all plaintiffs have been barred from performing cultural ceremonies that are vital to the continuation of their culture on the property in question. These ceremonies have been performed annually at that location for at least the last thirty years. Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 7

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

are also barred from fishing and accessing the river from the land in and around the

school, further infringing on their treaty and cultural rights. These harms are redressable

by declaratory and injunctive relief.

25. Further, collectively plaintiffs hold a communal property interest in the lands set aside by

Congress for the Frank's Landing Indian Community in 1980 under Public Law 96-277,

§ 5(a)-(b), which provides that the described tract shall be held by the Secretary of the

Interior for the Wa-He-Lut Indian School for its use as an Indian school and community

center for educational or cultural purposes, and that title shall remain in the United States

under the administration of the Secretary of the Interior for so long as it is used for those

purposes.

C. Defendant

26. Linda Myhre Enlow is the clerk of the Superior Court for Thurston County, Washington,

and is sued in her official capacity for prospective injunctive relief. The Ex parte Young

doctrine applies; there is no immunity for enforcing unconstitutional jurisdiction through

ministerial duties in the state case. See Ex parte Young, 209 U.S. 123 (1908).

### III.    Factual Allegations

A. **Party Admissions Establishing Federal Set-Aside and Superintendence of Lands (Indian Country Status)**

27. This complaint relies solely on undisputed facts drawn from: (1) express admissions

made by the state court plaintiff in the pleadings in Wa He Lut Indian School v. Anza

Smith et al., No. 24-2-02515-34 (Thurston Cty. Sup. Ct.); and (2) public records and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 8

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

government documents subject to judicial notice, including federal statutes, BIA

contracts, title records, and Congressional acts. Plaintiffs do not rely on disputed

allegations or internal matters unrelated to jurisdictional analysis. All material facts

supporting Indian country status and federal preemption are either admitted in the state

court record or evident from official public documents.

28. The state plaintiff's own pleadings acknowledge that the Wa He Lut Indian School

occupies a 6.33-acre parcel located at 11110 Conine Avenue SE, Olympia, Washington.

Title to that parcel is held by the United States for the School's exclusive benefit. (State

Court Plaintiff's Third Amended Complaint. ¶¶1, 3, 7, 10; Ex. 4, Pub. L. 96-277, § 5(a)).

This federal set-aside mirrors the longstanding trust holdings at Frank's Landing,

recognized as Indian country in *Nisqually Indian Tribe v. Gregoire*, 649 F. Supp. 2d

1203, 1209–10 (W.D. Wash. 2009).

29. The hallmark of Indian country status is federal ownership and administration for the

benefit of an Indian community. Here, title to the Wa He Lut Indian School land remains

with the United States, and the Secretary of the Interior retains administrative

responsibility for its use as an Indian school and community center. This ongoing federal

superintendence is precisely the type of oversight the Supreme Court has found sufficient

to establish Indian country. *See Alaska v. Native Village of Venetie, 522 U.S. at 527;*

*United States v. Sandoval, 231 U.S. at 46.*

30. Congressional enactments confirm that in 1980 the land was formally transferred to the

Secretary of the Interior for use as an Indian school and community cultural center. Title

remained in the United States, with the Secretary retaining administrative responsibility.

(State Court Plaintiff's Third Amended Complaint. ¶10; Ex. 4, Pub. L. 96-277, § 5(b)).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 9

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

31. The State Court Plaintiff's Third Amended Complaint further alleges that the events at issue occurred on this federally held parcel and on contiguous parcels at the same address. FLIC's constitution expressly asserts jurisdiction over the Wa He Lut Indian School, and contiguous lands as part of its community territory. (State Court Plaintiff's Third Amended Complaint. ¶3; Ex. 4, Art. II, Sec. 1).

32. The Wa He Lut School has been funded under a Bureau of Indian Education contract since 1976, and remains subject to federal oversight. (State Court Plaintiff's Third Amended Complaint. ¶¶1, 9; Ex. 4, BIE letter confirming control by the Frank's Landing Indian Community; Ex. 27, 25 U.S.C. § 2511). The school building, improvements to the land, and upkeep of the school, and land are all funded by the federal government. The Plaintiffs assert these, and the following facts establish federal superintendence satisfy the criteria for Indian country under 18 U.S.C. § 1151(b).

B.   **Party Admissions Establishing FLIC's Governance and Dependent Community Status**

33. The pleadings also acknowledge that FLIC established Wa He Lut in 1974 to fulfill the education promises set forth in the Treaty of Medicine Creek. (State Court Plaintiff's Third Amended Complaint. ¶8; Ex. 4, *see* Ex. 12, Treaty of Medicine Creek).

34. FLIC formally adopted its constitution on August 23, 2007. That governing document vests the Community Council with authority over the School and associated lands. (State Court Plaintiff's Third Amended Complaint. Ex. ¶13; Ex. 26, Art. IV (governing body), Art. VII (powers including contracts and litigation)). *See* Nisqually Indian Tribe v. Gregoire ("*Nisqually I*"), 649 F. Supp. 2d 1203, 1210–13 (W.D. Wash. 2009) (holding

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

FLIC, though not a tribe, has inherent power to contract to sustain self-government and its school; class III gaming is expressly barred but contracting authority remains).

35. The State Court Plaintiff's Third Amended Complaint concedes that FLIC is a self-governing dependent Indian community. Congress has recognized FLIC's eligibility for federal programs and services under the ISDEAA, including contracts and grants. (State Court Plaintiff's Third Amended Complaint. ¶11; Ex. 4, Pub. L. 100-153, § 10; Ex. 21, Pub. L. 103-435, § 8; Ex. 22. *Nisqually*, 649 F. Supp. 2d at 1210; 623 F.3d at 927).

**36.** Finally, the underlying dispute in state court involves nothing more than internal FLIC governance, including council resolutions concerning school leadership. (State Court Plaintiff's Third Amended Complaint. ¶¶34, 39–47). Such internal matters fall squarely within FLIC's self-government powers and are preempted from state interference. *Cf.* Nisqually Indian Tribe v. Gregoire ("*Nisqually II*"), 623 F.3d 923, 927–28 (9th Cir. 2010) (describing FLIC's agreement with Squaxin Island Tribe and use of revenues to fund Wa He Lut Indian School**).**

### C.  State Court's Improper Assertion of Jurisdiction and Harm

37. Even with the state plaintiff's admissions confirming that the Wa He Lut Indian School lands meet the criteria for Indian country ,  federal set-aside, continued superintendence, and recognition as a dependent Indian community ,  the Thurston County Superior Court has nonetheless asserted jurisdiction. The court has reasoned that no "reservation, trust, or allotted land" is involved (State Court Plaintiff's Third Amended Complaint. ¶5), but in doing so disregards the controlling doctrine of federal preemption.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 11

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

38. The ministerial acts of the county clerk, including docketing and processing papers, facilitate this unlawful assertion of authority. By enabling a state forum to proceed where federal law bars jurisdiction, the clerk's actions deprive Plaintiffs of rights secured under the Supremacy Clause and the Due Process Clause. U.S. Const. art. VI; amend. XIV.

39. These violations are not abstract. They cause concrete and irreparable harm, including disruption of FLIC's internal governance, interference with the operation of the federally supported Wa He Lut School, and threats to federal funding. (State Court Plaintiff's Third Amended Complaint. ¶¶46, 51, 58; Ex. 4).

**D. State Court's Retention of Jurisdiction Despite Lack of Authority**

40. Notwithstanding the undisputed evidence of Indian country status and federal preemption (State Court Plaintiff's Third Amended Complaint. ¶¶3, 10, 11), the Superior Court denied motions to dismiss for lack of subject matter jurisdiction. This ruling is reflected in its September 2024 order. (Ex. 7).

41. At the September 13, 2024 hearing, the court again rejected arguments grounded in federal land ownership and FLIC's dependent Indian community status. The transcript shows the court's unwillingness to recognize the limits of its authority despite the admissions in the state pleadings. (State Court Plaintiff's Third Amended Complaint. ¶¶5, 11; Ex. 8).

42. On February 21, 2025, the Superior Court denied a motion for summary judgment raising the same jurisdictional defects, further entrenching its position and underscoring its ongoing retention of authority where none exists. (Ex. 9).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 12

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

43. On March 3, 2025, Defendants filed a Motion for Reconsideration under CR 59(a)(7), (a)(8), and (a)(9), challenging the Superior Court's jurisdiction and standing rulings and attaching material federal evidence, including Bureau of Indian Education authority confirming the Community's governance of Wa He Lut as a Tribally Controlled School.

44. On March 20, 2025, the court denied reconsideration (Ex. 10) and, the same day, issued an order warning that further jurisdictional motions may result in sanctions, chilling Defendants' ability to raise federal defenses (Ex. 11).

45. Each of these actions has the effect of perpetuating constitutional violations by enabling the clerk's continued ministerial support of state proceedings. The resulting harm to Plaintiffs' federally protected rights is irreparable and warrants injunctive relief. See *Nisqually Indian Tribe v. Gregoire*, 649 F. Supp. 2d 1203, 1210 (W.D. Wash. 2009).

### E. Objective of Declaratory Relief

46. Plaintiffs seek a declaration that the Frank's Landing Indian Community and Wa He Lut School lands constitute Indian country within the meaning of 18 U.S.C. § 1151(b). This conclusion follows from the admitted federal set-aside and superintendence of the lands (State Court Plaintiff's Third Amended Complaint. ¶¶3, 10; Exs. 5, 7), as well as FLIC's acknowledged status as a dependent Indian community recognized by Congress (State Court Plaintiff's Third Amended Complaint. ¶11; Exs. 3, 4). The court in *Nisqually* expressly confirmed that Frank's Landing meets the statutory definition of Indian country under § 1151(b) and (c). *Nisqually Indian Tribe v. Gregoire, 649 F. Supp. 2d 1203, 1212 (W.D. Wash. 2009).* The Frank's Landing Indian Community has placed the Wa He Lut property within its jurisdiction in the community constitution. A declaration to this effect

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 13

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

will provide necessary clarity by affirming that jurisdiction lies exclusively with federal and tribal authorities, thereby precluding unlawful state intervention.

47. Such declaratory relief is critical to preventing further state overreach. The recognition of FLIC's self-governance in *Nisqually*, 649 F. Supp. 2d at 1210–11, together with the federal protections upheld in *Sycuan Band of Mission Indians v. Roache*, 788 F. Supp. 1498 (S.D. Cal. 1992), and *Sac & Fox Nation v. Hanson*, 47 F.3d 1061 (10th Cir. 1995), underscores the need for judicial intervention to preserve tribal sovereignty and enforce the limits of state power.

### F. Legal Sufficiency of Dependent Indian Community Status

**48.** Defendants anticipate that the State may argue that the absence of formal federal tribal recognition or reservation status precludes a finding of Indian country. This argument is contrary to controlling law. The Supreme Court has repeatedly held that dependent Indian communities need not be federally recognized tribes or located within reservations to qualify as Indian country under § 1151(b). See United States v. Sandoval, 231 U.S. 28, 46 (1913) (Pueblo lands held in fee simple are Indian country); United States v. John, 437 U.S. 634, 648–50 (1978) (lands set aside for Choctaw Indians, though not a reservation, are Indian country); see also DOJ, Indian Country Defined,

https://www.justice.gov/archives/jm/criminal-resource-manual-677-indian-country-defined.

**49.** The Department of Justice and federal courts recognize that land held for Indian use and under federal superintendence, regardless of reservation or tribal recognition status, qualifies as Indian country. *United States v. Sandoval*, 231 U.S. 28, 46 (1913). *United*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 14

Sarai Cook, Attorney
6Directions Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

*States v. John*, 437 U.S. 634, 648–50 (1978) DOJ, Indian Country

Defined, https://www.justice.gov/archives/jm/criminal-resource-manual-677-indian-

country-defined.

## V.    Claims for Relief

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1–49 above as

though fully set forth herein and apply them to each of the claims for relief below.

## Count I – Federal Preemption Under the Supremacy Clause

50. Plaintiffs seek declaratory and injunctive relief because federal law preempts the exercise

   of state jurisdiction over Indian Country and federally governed Indian educational

   programs. U.S. Const. art. VI, cl. 2.

51. Congress has expressly recognized the Frank's Landing Indian Community (FLIC) as a

   self-governing dependent Indian community eligible for federal programs and services,

   including contracting under the Indian Self-Determination and Education Assistance Act.

   Pub. L. No. 100–153 § 10 (1987); Pub. L. No. 103–435 § 8 (1994). This designation

   places FLIC within the definition of "Indian Country" under 18 U.S.C. § 1151(b). See

   also *United States v. Sandoval*, 231 U.S. 28, 46 (1913) (dependent Indian communities

   entitled to federal protection under Indian law). *See also Nisqually I*, 649 F. Supp. 2d at

   1210–13 (Congress vested FLIC's governing bodies with contracting power to sustain

   self-government and Wa He Lut; no broad abrogation of authority absent clear

   congressional statement). *Cf.* Nisqually Indian Tribe v. Gregoire ("*Nisqually II*"), 623

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 15

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

F.3d 923, 927–28 (9th Cir. 2010)(recognizing FLIC's contracting context with tribes consistent with federal oversight of Indian education and self-governance).

52. Federal law provides the exclusive framework for governance and oversight of tribally controlled schools through the Tribally Controlled Schools Act (TCSA), 25 U.S.C. §§ 2501–2511. The Bureau of Indian Education retains enforcement authority over these programs, not state courts. See 25 C.F.R. § 44.104(c).

53. State jurisdiction is expressly withheld where it would adjudicate ownership or right to possession of Indian property or regulate its use contrary to federal law. 28 U.S.C. § 1360(b); 18 U.S.C. § 1162(b); 25 U.S.C. § 1322. The Nonintercourse Act, 25 U.S.C. § 177, further prohibits the alienation or encumbrance of Indian land absent federal approval.

54. The state plaintiff's claims for ejectment, conversion, trespass, and injunctive relief necessarily require the state court to adjudicate the Community's property rights and governance within Indian Country. Such jurisdiction is preempted. See *Williams v. Lee*, 358 U.S. 217 (1959); *McClanahan v. Ariz. State Tax Comm'n*, 411 U.S. 164 (1973); *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324 (1983); *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980).

55. In addition, the Medicine Creek Treaty of 1854 reserved rights at Frank's Landing for fishing, cultural preservation, and community use. Federal agencies have long recognized that the land's restricted status exists to preserve treaty access to fishing grounds and to support Indian self-governance. See Ex. 14 (1976 Department of the Interior letter).

56. Under settled law, treaty rights may not be curtailed by state or private action absent clear congressional intent. *Menominee Tribe v. United States*, 391 U.S. 404, 412–13 (1968).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 16

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

State court orders ejecting community members or restricting their use of treaty-reserved lands directly conflict with these protections and are preempted.

57. Accordingly, any assertion of state jurisdiction over the Community's land, school, or governance is void under the Supremacy Clause, and Plaintiffs are entitled to declaratory and injunctive relief.

**Count II: 42 U.S.C. § 1983 Violation (Due Process/Supremacy Clause)**

58. Defendant, acting under color of state law, has facilitated and continues to facilitate a state court proceeding that unlawfully asserts jurisdiction over disputes arising within Indian country. Such conduct violates Plaintiffs' federally protected rights of self-governance and territorial integrity.

59. The Supreme Court has repeatedly held that state courts may not exercise jurisdiction in Indian country where doing so would infringe on tribal self-government or conflict with federal law. *Williams v. Lee*, 358 U.S. 217, 220–23 (1959); *McClanahan v. Ariz. State Tax Comm'n*, 411 U.S. 164, 172 (1973); *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 334 (1983).

60. The Wa He Lut School lands, held by the United States and administered under federal superintendence, constitute Indian country under 18 U.S.C. § 1151(b). *United States v. John*, 437 U.S. 634, 648–50 (1978); *United States v. Roberts*, 185 F.3d 1125, 1132 (10th Cir. 1999); *United States v. Sandoval*, 231 U.S. 28, 46 (1913). Congress has also expressly recognized FLIC as a self-governing dependent Indian community eligible for federal programs and services. Ex. 21, Pub. L. No. 100-153, § 10, 101 Stat. 886 (1987); Ex. 22, Pub. L. No. 103-435, § 8, 108 Stat. 4566 (1994).

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

61. Federal courts have consistently enjoined state officials whose actions intrude on exclusive tribal and federal authority. See *Sycuan Band of Mission Indians v. Roache*, 788 F. Supp. 1498 (S.D. Cal. 1992); *Sac & Fox Nation v. Hanson*, 47 F.3d 1061 (10th Cir. 1995); *Nisqually Indian Tribe v. Gregoire*, 649 F. Supp. 2d 1203, 1210–12 (W.D. Wash. 2009). Under *Ex parte Young*, 209 U.S. 123 (1908), Defendant has no immunity from injunctive relief for ongoing violations of federal law.

62. By enabling state adjudication over matters reserved exclusively to federal and tribal jurisdiction, Defendant has deprived Plaintiffs of rights guaranteed by the Supremacy Clause and the Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

63. Plaintiffs expressly clarify that the relief sought under this Count is limited to enjoining the ministerial and enforcement acts of the Clerk of the Superior Court for Thurston County, and does not seek to enjoin any judicial acts or the state court or its judges. This approach is consistent with the doctrine of judicial immunity and the limitations recognized by federal courts in *Ex parte Young*, 209 U.S. 123 (1908), and *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), as subsequently limited by 42 U.S.C. § 1983 and § 1988(b).

## Count III: Declaratory Judgment (28 U.S.C. § 2201)

64. Plaintiffs seek a declaratory judgment that the Thurston County Superior Court lacks jurisdiction because the dispute arises in Indian country as defined by 18 U.S.C. § 1151(b). Federal and tribal authority preempt state jurisdiction in such matters. See *Williams v. Lee*, 358 U.S. 217, 220–23 (1959) ("There can be no room for the exercise of

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 18

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

state authority" in Indian country); *McClanahan v. Ariz. State Tax Comm'n*, 411 U.S. 164, 172 (1973); *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 334 (1983).

65. Federal appellate precedent confirms that FLIC holds a unique, congressionally recognized status as a self-governing dependent Indian community. See *Frank's Landing Indian Cmty. v. Nat'l Indian Gaming Comm'n*, 918 F.3d 610, 616–17 (9th Cir. 2019). The Ninth Circuit distinguished FLIC's lack of tribal recognition under IGRA from its acknowledged legal status under federal law, affirming its eligibility for programs and services based on Indian status and its internal self-governance authority.

66. This acknowledgment supports declaratory relief barring state jurisdiction over FLIC's internal governance and land-related disputes. *See Nisqually I*, 649 F. Supp. 2d at 1210 (applying clear-statement rule; 1994 Act imposes specific limits, no class III gaming; WA criminal jurisdiction, but does not withdraw FLIC's contracting/self-governance). *(citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 (1978)).*

67. Federal superintendence and congressional recognition of FLIC confirm that the Wa He Lut School and surrounding lands are Indian country. See *United States v. John*, 437 U.S. 634, 648–50 (1978); *United States v. Roberts*, 185 F.3d 1125, 1132 (10th Cir. 1999); *United States v. Sandoval*, 231 U.S. 28, 46 (1913). Consistent with these precedents, this Court has already recognized Frank's Landing as Indian country. *Nisqually Indian Tribe v. Gregoire*, 649 F. Supp. 2d 1203, 1212 (W.D. Wash. 2009).

68. Plaintiffs further clarify that the declaratory relief sought in this Count is limited to the pending state court action, Wa He Lut Indian School v. Anza Smith, et al., Thurston County Superior Court Case No. 24-2-02515-34, and does not seek to enjoin or affect any other state proceedings not directly related to the property and governance issues at issue

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

in this case. See Mitchum v. Foster, 407 U.S. 225, 242–43 (1972) (federal courts may enjoin state proceedings only as necessary to protect federal rights).

69. Declaratory relief is necessary to prevent ongoing violations of federal law and to affirm that Defendant, acting under color of state law, may not facilitate state proceedings in an area of exclusive federal and tribal jurisdiction.

## Count IV: Injunctive Relief

70. Plaintiffs seek preliminary and permanent injunctive relief prohibiting Defendant, in her official capacity, from performing any ministerial or enforcement acts in connection with the state case *Wa He Lut Indian School v. Anza Smith, et al.* (No. 24-2-02515-34), because that case unlawfully asserts jurisdiction over Indian Country in violation of federal law.

71. Plaintiffs are likely to succeed on the merits because federal law preempts state jurisdiction over disputes that arise in Indian Country and implicate tribal governance. The Supreme Court has long held that state authority may not intrude on the internal affairs of tribal communities, including disputes involving leadership, land use, and education. *Williams v. Lee*, 358 U.S. 217, 223 (1959); *McClanahan v. Ariz. State Tax Comm'n*, 411 U.S. 164, 172 (1973).

72. The state plaintiff's entire action is premised on denying the Community's property rights in its land and school. Each cause of action, ejectment (¶ 88), mandatory removal and return of property (¶ 89), injunctive relief against "profiteering" (¶¶ 90–91), declaratory judgment (¶ 92), trespass and conversion damages (¶ 93), and civil penalties (¶ 95), requires the state court to adjudicate that the Community has *no ownership or possessory*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 20

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

*rights* to communal property set aside for the community by congress. But 28 U.S.C. § 1360(b) expressly withholds from state courts jurisdiction to adjudicate "ownership or right to possession" of Indian property; 18 U.S.C. § 1162(b) and 25 U.S.C. § 1322 likewise preserve federal and tribal authority. Accordingly, the state action is ultra vires, and Plaintiffs are likely to succeed on the merits of their federal preemption claim.

73. Federal courts have consistently recognized that 28 U.S.C. § 1360 is a narrow grant of jurisdiction that does not authorize state adjudication of tribal property rights or governance disputes. See *Bryan v. Itasca County*, 426 U.S. 373 (1976) (holding PL-280 does not confer broad civil/regulatory authority, including taxation); *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g, P.C.*, 476 U.S. 877 (1986) (§ 1360 is the exclusive policy mechanism for any state assumption of jurisdiction); *Parker Drilling Co. v. Metlakatla Indian Community*, 451 F. Supp. 1127 (D. Alaska 1978) (§ 1360 does not confer jurisdiction over tribes themselves); *South Naknek v. Bristol Bay Borough*, 466 F. Supp. 870 (D. Alaska 1979) (§ 1360 is a limited grant, not a general license); *Yakima Indian Nation v. Whiteside*, 617 F. Supp. 735 (E.D. Wash. 1985) (§ 1360 does not supplant tribal authority or divest inherent tribal power).

74. Absent relief, Plaintiffs will suffer irreparable harm through disruption of FLIC governance, school operations, and federally protected rights. See Exs. 13, 14.

75. Plaintiffs have suffered and continue to suffer specific, individualized, and ongoing harms, including forced participation in state court litigation, direct interference with tribal land governance, cultural disruption, reputational harm, and burdensome discovery requests targeting tribal elders and leaders.

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

76. The continued assertion of state jurisdiction over Indian Country threatens federally protected self-governance and treaty-based rights. These harms are not compensable by money damages and are redressable only by declaratory and injunctive relief.

77. The balance of equities favors an injunction because the harm to Plaintiffs from unlawful state jurisdiction, disruption of governance, education, and treaty rights, far outweighs any asserted state interest. The public interest also favors relief, as federal supremacy and tribal self-governance are paramount. See *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 334 (1983); *Sycuan Band of Mission Indians v. Roache*, 788 F. Supp. 1498 (S.D. Cal. 1992); *Sac & Fox Nation v. Hanson*, 47 F.3d 1061 (10th Cir. 1995).

78. This relief is also consistent with the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, which permit federal courts to enjoin state proceedings "where necessary… to protect or effectuate federal rights." The Supreme Court in Mitchum v. Foster, 407 U.S. 225, 228–29 (1972), held that 42 U.S.C. § 1983 is an "expressly authorized" exception to the Anti-Injunction Act, allowing federal courts to enjoin state proceedings to protect federal rights. The Court explained that the Act's exceptions permit injunctions "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See also 28 U.S.C. § 2283 (statutory text).

79. Plaintiffs further clarify that the injunctive relief sought in this Count is limited to prohibiting the Clerk of the Superior Court for Thurston County from performing ministerial or enforcement acts in connection with the pending state court action, Wa He Lut Indian School v. Anza Smith, et al., Thurston County Superior Court Case No. 24-2-02515-34, and does not seek to enjoin any other state court proceedings. *See Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.    Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

a.  Issue a declaratory judgment that the Wa He Lut Indian School land, located at 11110 Conine Avenue SE, Olympia, Washington, constitutes "Indian country" within the meaning of 18 U.S.C. § 1151(b), and that the pending state court action, Wa He Lut Indian School v. Anza Smith, et al., Thurston County Superior Court Case No. 24-2-02515-34, asserts jurisdiction preempted by federal law, including 28 U.S.C. § 1360(b), 18 U.S.C. § 1162(b), 25 U.S.C. § 1322, and the Treaty of Medicine Creek (1854).

b.  Declare that Plaintiffs' status as a self-governing dependent Indian community, expressly recognized by Congress, precludes state court jurisdiction over internal governance and land use matters under 18 U.S.C. § 1151(b) and related federal Indian law, including United States v. Sandoval, 231 U.S. 28 (1913), United States v. John, 437 U.S. 634 (1978), and Williams v. Lee, 358 U.S. 217 (1959).

c.  Issue a preliminary and permanent injunction prohibiting Defendant, in her official capacity as Clerk of the Superior Court for Thurston County, from performing any ministerial or enforcement acts that facilitate the pending state action, including, but not limited to, docketing pleadings, issuing process, certifying or transmitting orders, entering judgments, or otherwise enabling the enforcement of the case, pending final resolution of this federal action.

d.  Declare that such relief is necessary to prevent irreparable harm to Plaintiffs' federally protected rights of self-governance, cultural integrity, and educational autonomy as a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 23

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com

1   dependent Indian community, and that the balance of equities and public interest weigh

2   strongly in favor of federal protection of those rights.

3   e.  Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988

4   and any other applicable authority.

5   f.  Grant such further relief as the Court deems just and proper to protect federal supremacy

6   and the federally protected self-governance of dependent Indian communities from

7   unlawful state intrusion.

Dated the 17th day of October, 2025 at Yelm, Washington

Respectfully Submitted,

_____/s/ Sarai Cook___
Sarai Cook, WSBA No. 57432
4605 Dove Tree Lane
Oklahoma City, OK 73162
attorney@6directionslaw.com
602-218-1404

Attorney for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 24

Sarai Cook, Attorney
6Directons Law PLLC
WSBA # 57432
4605 Dove Tree LN,
Oklahoma City, OK 73162, 602-218-1404,
attorney@6directionslaw.com