UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK'S LANDING INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>LINDA MYHRE ENLOW, in her official capacity as Clerk of the Superior Court for Thurston County, Washington,<br><br>Defendant. | CASE NO. 3:25-cv-05929-TL<br><br>ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff's Emergency Motion for a Temporary Restraining Order ("TRO"). Dkt. No. 25. Having reviewed the motion and the relevant record, the motion is DENIED.

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 829 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled*

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER – 1

*on other grounds by Winter*, 555 U.S. 7. Importantly, given that the U.S. federal jurisprudence "runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974)).

Federal Rule of Civil Procedure 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; **and**
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (boldface and emphasis added).

Local Civil Rule 65(b)(1) of this District also provides that:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

Here, Plaintiff has not complied with the notice requirements of Rule 65. Plaintiff avers in its motion that "Counsel participated in a telephonic meet and confer on October 24, 2025, with counsel for Defendant . . . . Despite these efforts, the parties were unable to resolve the matter, necessitating this emergency motion." Dkt. No. 25 at 13. But Plaintiff's motion appears

to be aimed at preventing "two further depositions [in the underlying state-court matter] of Plaintiffs [that] are scheduled to occur on December 23, 2025." *Id.* at 6. And the state-court order that mandated Plaintiffs' participation in these depositions was issued on or about December 5, 2025. *Id.* It is this state-court order that "expressly threaten[s] . . . additional sanctions by the state court if those depositions do not proceed," thus creating the exigent circumstances that, according Plaintiff, render this an emergency. *Id.*

It is not clear how Plaintiff could have provided meaningful notice of this motion to Defendant on October 24, 2025, when Plaintiff did not ascertain its necessity until, at the earliest, December 5, 2025. Put another way, whatever the Parties might have discussed on October 24, 2025, it was not this motion for a TRO. Absent compliance with Rule 65(b), the Court cannot grant the emergency relief sought in Plaintiff's motion. *See Estrada v. Booker*, 374 F. App'x 730, 732 (9th Cir. 2010).

Further, as discussed above, Plaintiff ascertained that this motion would be necessary as early as December 5, 2025, some 18 days before the depositions it now seeks to halt. Yet Plaintiff waited until Sunday, December 21, 2025, to file its emergency motion. Plaintiff asserts that the instant motion "is being filed at the earliest possible date after receipt of the December 5, 2025 hearing transcript"—i.e., December 16, 2025. Dkt. No. 25 at 6. But even if the Court credits Plaintiff's assertion that it could not have possibly filed this motion without having the transcript in hand—a condition precedent that Plaintiff does not explain—it is not clear why Plaintiff then waited yet another five days to file the motion.

In short, this is an emergency of Plaintiff's own making. "The timing of [Plaintiff's] motion has given [Defendant] no reasonable opportunity to respond. [Plaintiff] has also made it more difficult for the court to prepare for, schedule, and conduct a hearing in advance of the" depositions. *Gibson v. City of Vancouver*, No. C20-6162, 2020 WL 7213360, at *1 (W.D. Wash.

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER – 3

Dec. 3, 2020), *reconsideration denied* 2020 WL 7641202 (Dec. 23, 2020); *see Whitley v. Ritchie Grp.*, No. C17-673, 2017 WL 5075303, at *1 (W.D. Wash. Aug. 1, 2017) (denying emergency motion for TRO, "despite the presumed harm that will arise," where, owing to plaintiff's delay in filing, "defendants would have [had] only one day to respond if there were any hope that the Court could issue a decision"). Here, Plaintiff's waiting until 5:37 p.m. on Sunday, December 21, when the depositions at issue are scheduled for Tuesday, December 23, gives neither Defendant nor the Court sufficient time to address the issue, especially when Plaintiff could have filed the motion sooner.

Therefore, Plaintiff's motion for a temporary restraining order (Dkt. No. 25) is DENIED.

Dated this 22nd day of December 2025.

Tana Lin
United States District Judge

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER – 4