UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK'S LANDING INDIAN COMMUNITY et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MYHRE ENLOW, in her official capacity as Clerk of the Superior Court for Thurston County, Washington, <br><br> Defendant. | CASE NO. 3:25-cv-05929-TL <br><br> ORDER ON MOTION TO INTERVENE |

This matter is before the Court on Movant Wa He Lut Indian School's Motion to Intervene. Dkt. No. 38. Plaintiffs oppose the motion (Dkt. No. 43); Defendant does not (*see* Dkt. No. 38 at 2). Having considered the motion, Plaintiffs' opposition, Movant's reply (Dkt. No. 46), and the relevant record, the Court GRANTS the motion.

## I.    BACKGROUND

This case concerns a challenge to a Washington state court's exercise of jurisdiction over a civil action in Thurston County Superior Court. The Court recited the factual and legal background of Plaintiffs' complaint against Defendant, the state-court clerk, in a prior Order. *See* Dkt. No. 40 (Order on Motion for Preliminary Injunction) at 1–7. Relevant to the instant motion, Movant is the plaintiff in the underlying state-court matter, *Wa He Lut Indian School v. Anza*

ORDER ON MOTION TO INTERVENE – 1

*Smith et al. See* Dkt. No. 47-1 (state-court complaint). Movant, which describes itself as an institution "founded by [Frank's Landing Indian Community ('FLIC')] members in 1974 to ensure that Native American children would receive the education promised in the Medicine Creek Treaty" (Dkt. No. 38 at 2), characterizes itself as "*the* subject of Plaintiffs'" lawsuit here (*id.* at 1). As recited in the Court's prior order, the state-court causes of action arise out of Plaintiffs' alleged activities at and/or around the Wa He Lut Indian School in Thurston County, Washington. *See* Dkt. No. 40 at 4–6.

On March 27, 2026, Movant filed the instant motion, seeking to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). *See* Dkt. No. 38 at 9. Alternatively, Movant seeks to permissively intervene pursuant to Rule 24(b). *See id.* at 12. Movant seeks to intervene in this case because it "has significant protectable and existential interests relating to the subject of this action, which may be impaired or impeded by the disposition of this action." *Id.* at 1.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right, *see* Fed. R. Civ. P. 24(a), and permissive intervention, *see* Fed. R. Civ. P. 24(b). Ninth Circuit courts interpret the requirements for intervention "broadly . . . in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

### A.    Intervention as of Right

Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute;
> or (2) claims an interest relating to the property or transaction that
> is the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

ORDER ON MOTION TO INTERVENE – 2

A potential intervenor of right under Rule 24(a)(2) must show that:

> (1) their motion is timely; (2) they have a "significantly protectable interest relating to the property or transaction which is the subject of the action;" (3) "the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest;" and (4) their "interest is inadequately represented by the parties to the action."

*E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1001 (9th Cir. 2024) (alteration in original) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc)). A movant seeking to intervene as of right must satisfy all four requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

**B.    Permissive Intervention**

Under Rule 24(b)(1), "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

"[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "Once the conditions for permissive intervention are met, intervention rests in the sound discretion of the Court." *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 382 (W.D. Wash. 2017) (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)).

### III.    DISCUSSION

**A.    Intervention as of Right**

Movant asserts that it "squarely meets the requirements to intervene as a matter of right." Dkt. No. 38 at 1. In opposition, Plaintiffs argue that Movant "satisfies none of these requirements." Dkt. No. 43 at 6.[1] The Court will examine each requirement in turn.

**1.    Timeliness**

"Determination of the timeliness of a motion to intervene depends upon (1) 'the stage of the proceeding,' (2) 'the prejudice to other parties,' and (3) 'the reason for and length of the delay.'" *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (quoting *Alisal Water Corp.*, 370 F.3d at 921). As to the stage of proceedings, the inquiry considers "'what had already occurred' by the time prospective intervenors sought intervention." *Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*, 335 F.R.D. 316, 322 (N.D. Cal. 2020) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997)). Here, this case is still young; trial is nearly one year away. *See* Dkt. No. 37 (scheduling order). Although it is true that the Parties have litigated—and the Court has ruled on—a motion for preliminary injunction (*see* Dkt. Nos. 8 (motion), 40 (order)), "the real substance of this litigation has not been engaged." *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 649 (N.D. Cal. 2004) (granting motion to intervene). As to prejudice, Plaintiffs do not assert in their opposition that they will be prejudiced by Movant's

---

[1] Federal Rule of Procedure 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Movant's proposed order (Dkt. No. 38-1) provides that "[Movant] shall file its answer within 21 days of this Order," but Movant's motion is not accompanied by a proposed pleading. Plaintiffs do not identify this deficiency in their opposition to intervention, however, and because "the position of [Movant] is apparent" from its motion, and because Plaintiffs will not be prejudiced by Movant's intervention, *see infra* Section III.A.1, "the Court concludes that [Movant's] failure to include with [its] motion to intervene a copy of [its] proposed answer to the Complaint does not procedurally bar [Movant] from intervening in this matter." *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 n.4 (D.D.C. 2019) (citing *Spring Constr. Co. v. Harris*, 614 F.2d 374, 376–77 (4th Cir. 1980) ("Although some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects.")).

intervention, and the Court will not locate any prejudice on their behalf. Finally, to the extent that Movant's motion might be considered "delayed," the Court credits Movant's assertion that, "[a]fter being denied *amicus curiae* status, [Movant] . . . worked diligently and expeditiously to prepare and file this Motion at the earliest practicable date." Dkt. No. 38 at 12. Indeed, the Court denied Movant's motion for leave to file an amicus brief (Dkt. No. 32) on March 25, 2026 (*see* Dkt. No. 36) (minute order), and Movant moved to intervene on March 27, 2026, just two days later (Dkt. No. 38).

Therefore, the Court finds that Movant's motion is timely.

### 2.      Significantly Protectable Interest

"The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

### a.      Protectable Under Some Law

As to the first element, "the 'interest' test directs courts to make a 'practical, threshold inquiry,' and 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *City of Los Angeles*, 288 F.3d at 398 (first quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), then quoting *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)). Here, on a practical level, the inquiry leads to a commonsensical answer. As Movant frames the issue, Movant "has significant interests in the Superior Court Action being challenged here, specifically its state-law claims against Plaintiffs for trespass, conversion, civil criminal profiteering, and injunctive relief." Dkt. No. 38 at 10. Put another way, Movant is "concerned" with Plaintiffs' federal case. More specifically, Movant's significant interests here are its legal

ORDER ON MOTION TO INTERVENE – 5

claims—and its prosecution of them in state court—against Plaintiffs. In the case before this Court, Plaintiffs seek to deprive the Superior Court of jurisdiction to hear Movant's state-law claims and, essentially, stop Movant's pending efforts to vindicate its state-law rights. *See generally* Dkt. No. 1 (complaint). Irrespective of the substantive, on-the-ground results that the termination of Movant's state-court lawsuit might lead to—as Movant puts it, the School's "vulnerab[ility] to further invasion by Plaintiffs and the [jeopardization of] the safety of the School's students and staff" (Dkt. No. 38 at 10)—the salient fact is that Movant is presently prosecuting a civil action in state court, and Plaintiffs' action here is an attempt to put a stop to those proceedings.

Plaintiffs attempt to downplay the importance of the underlying state-court case to the issue represented by Movant's motion. Plaintiffs proceed by distilling the existence of that case into what they characterize as several trivial components: Movant's "status as a litigant in parallel state-court proceedings," Movant's "interest in preserving a preliminary injunction obtained there," and Movant's "generalized concerns regarding safety and operations." Dkt. No. 43 at 9. These are, in Plaintiffs' conception of the issue, mere "downstream effects" and, puzzlingly, "advantages" that Movant seeks to "preserve" in the state-court case. *Id.* at 15. But Plaintiffs miss the forest for the trees. The preliminary injunction and Movant's substantive motivation for prosecuting the case are certainly aspects of the underlying state-court matter. Even so, however, the larger, more important point is that Movant is actively—and, to this point, legitimately—pursuing its constitutional prerogative to vindicate its rights through civil litigation. The state-court case itself, and the claims it comprises, represent Movant's significantly protectable interest. "[M]aintaining a litigation advantage or protecting a judgment" might represent discrete components of Movant's case, each of which may or may not "qualify"

ORDER ON MOTION TO INTERVENE – 6

as a significantly protectable interest for the purpose of intervention under Rule 24,[2] but the civil action, considered in its entirety, certainly does. Case law bears this out.

Courts have found that a state-court plaintiff's ability to pursue or protect its claims in that forum is a significantly protectable interest. In *Ports America Gulfport, Inc. v. Johnson*, for example, the federal plaintiff sought to enjoin a state-court judge from conducting additional proceedings or entering a judgment against it in a state-court matter where it was defendant. No. C22-455, 2022 WL 2390550, at *1 (E.D. La. Mar. 4, 2022). The state-court plaintiffs sought to intervene in the federal case as of right. *Id.* The court granted the intervenors' motion, finding that the intervenors "clearly ha[d] an interest in the present [federal] action," because if the federal plaintiff successfully obtained the injunction it sought, "the [intervenors] w[ould] lose their ability to pursue that state court action." *Id.* The court reached its decision despite the federal plaintiff's argument that the intervenors "ha[d] no interest because federal law preempt[ed] their state law claims." *Id.* Similarly, in *Williams v. Kelly*, the federal plaintiff sought "to reverse or enjoin the operation of [a state-court] order and assume control over the state court matter." No. C05-73702, 2005 WL 8155637, at *1 (E.D. Mich. Oct. 28, 2005). The plaintiff in the state-court case there moved to intervene as of right, and the court granted the motion, finding that the intervenor "ha[d] an obvious interest in opposing" the reversal of the state-court order, which had been entered as a result of her litigation. *Id.* at *2.

---

[2] The Court does not express an opinion as to whether such interests are sufficient to satisfy the requirements of Rule 24, but it notes nevertheless that Plaintiffs' use of *Alisal Water Corp.* to argue that they are not is unconvincing. *See* Dkt. No. 43 at 9. In *Alisal Water Corp.*, the Ninth Circuit concluded that a potential intervenor's "interest in the prospective collectability of the debt secured by [the defendant's] property [was] not sufficiently related to the environmental enforcement action brought [against that defendant] by the United States." *Alisal Water Corp.*, 370 F.3d at 920–21. Here, Movant's prosecution of a civil action is very much related to an action brought by Plaintiffs *to stop Movant's prosecution of that same civil action*.

ORDER ON MOTION TO INTERVENE – 7

**b.    Relationship with Claims at Issue**

As to the second element, "[t]he relationship requirement is met 'if the resolution of the plaintiff's claims actually will affect the applicant.'" *City of Los Angeles*, 288 F.3d at 398 (quoting *Donnelly*, 159 F.3d at 410). Applying Rule 24 liberally and in favor of Movant, as Ninth Circuit case law prescribes, *see Arakaki*, 324 F.3d at 1083, it is plain that resolving Plaintiffs' claims here will actually affect Movant. Movant argues that the Court's ultimate decision regarding the merits of this case "would impact whether or to what extent the Secretarial Fee Parcel and the School itself are subject to Washington's civil and criminal authority." Dkt. No. 38 at 10. Given that Movant is presently litigating a civil action under Washington's civil authority, it is difficult to see how a decision limiting—or quashing—such authority would not actually affect Movant.

For their part, Plaintiffs' position is unpersuasive and self-contradictory. Plaintiffs assert that the instant federal case "does not adjudicate . . . the validity of any state-court claims[.]" Dkt. No. 43 at 16. But this assertion does not withstand scrutiny: If the Court strips the state court of jurisdiction over Movant's state-court claims, as Plaintiffs request, then such a decision certainly does implicate the validity of such claims. In opposing Movant's motion, Plaintiffs assert that "[a] ruling on the jurisdictional question would not vacate or dissolve any state-court order." *Id.* But this assertion is impossible to square with Plaintiffs' argument, made in a different filing with the Court, that Movant's state-court case is "void ab initio" and, as such, is "not a valid state judicial process." Dkt. No. 53 (Plaintiffs' Resp. to Motion to Dismiss) at 32. Plaintiffs assure the Court that, should they prevail in the instant case, "independent doctrines, including comity, preclusion, and state-court procedural mechanisms" would somehow preserve the posture of Movant's state-court case. Dkt. No. 43 at 16. But if Plaintiffs indeed seek a dispositive order from this Court that the operation of "independent doctrines" would

subsequently render toothless, then why are they here? The Court doubts that Plaintiffs would actually accede to the enforcement of state-court orders that they consider wholly void and without authority.

In sum, the Court concludes that Movant has a significantly protectable interest.

### 3.    Impair or Impede Ability to Protect Interest

The third factor is similar to the second. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (quoting Fed. R. Civ. P. 24 advisory committee's notes to 1966 amendment)). As discussed above, if Plaintiffs are successful in shutting down Movant's state-court lawsuit, Movant will be unable to continue prosecuting its case there and, consequently, its ability to protect its interest will be impaired. For their part, Plaintiffs characterize this outcome as mere "hypothetical downstream consequences dependent on multiple contingencies" that do not represent a "practical impairment" of Movant's interest. Dkt. No. 43 at 17. But the inquiry in a motion to intervene necessarily considers hypotheticals and contingencies. The motion presents the Court with a fork in the road, and the Court considers what might happen if Movant is permitted to intervene, and what might happen if it is not. Because the third factor looks at the future disposition of the case, the Ninth Circuit specifically—and necessarily—describes it in conditional language: Movant must show that "the disposition of the action *may* as a practical matter impair or impede [its] ability to protect that interest." *E. Bay Sanctuary Covenant*, 102 F.4th at 1001 (emphasis added). The question is what *might* happen, which is another way of saying "hypothetical consequences dependent on multiple contingencies." What might happen here is the extinguishment of Plaintiff's state-court case. Given that the Court has found that the case itself represents a significant protectable interest, preventing Movant from prosecuting it is

ORDER ON MOTION TO INTERVENE – 9

very easily considered an impairment of its ability to protect that interest.

### 4.    Adequate Representation

Ninth Circuit courts "consider[] three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id.*; *see* 7C Wright & Miller's Federal Practice and Procedure § 1909 (3d ed. 1998). Still, "[t]he burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki*, 324 F.3d at 1086 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

### a.    Undoubtedly Make All Arguments

Movant asserts that "Defendant Enlow will admittedly and undoubtedly *not* make all of [Movant's] arguments" and points to Defendant's "representations to this Court during the preliminary injunction hearing . . . ." Dkt. No. 38 at 11. Specifically, Movant argues that Defendant "will not address matters of governance, land status, or adjudicatory jurisdiction associated with the school." *Id.* Plaintiffs argue that these arguments are "extraneous," and that Plaintiffs' inability or unwillingness to make them is insufficient to carry Movant's burden here. *See* Dkt. No. 43 at 18.

As Movant points out in its reply brief, however, Plaintiffs devote substantial space in

their opposition brief to raising, then discussing, these purportedly extraneous or irrelevant arguments. *See* Dkt. No. 46 at 2–4. Indeed, in opposing Movant's motion, Plaintiffs discuss "communal usufructuary [treaty] rights" (Dkt. No. 43 at 9) and "disputed questions of representation and governance within an Indian community" (*id.* at 12), to name two. Were these issues truly irrelevant, then Plaintiffs would not have sought to present to the Court their positions on them. But Plaintiffs have done just that, and the Court must consider Movant's assertion that Movant's interests now "include ensuring that Plaintiffs do not mislead the Court with inaccuracies about its (or FLIC's) *sui generis* legal and land status, or cause it to create common law findings or conclusions that are not accurate or in [Movant's] best interests." Dkt. No. 46 at 4. Put another way, in advancing substantive argument on these subjects, Plaintiffs have opened the door to the Court's full and fair consideration of them. Given Defendant's affirmative assertion that it "has no position as to the status of the land [and] the dispute with the Wa He Lut Indian School" (Dkt. No. 47-2 at 5), that leaves Movant as the only Party that "will advance all of the arguments needed to protect [Movant's] interests" (Dkt. No. 46 at 5).

### b.    Capable and Willing to Make Such Arguments

Movant asserts that Defendant has affirmatively established itself as unwilling to advance arguments that Movant intends to present to the Court. Movant refers the Court to Defendant's motion to dismiss (Dkt. No. 32), which Movant asserts "did not advance any of the jurisdictional arguments advanced by [Movant]." Dkt. No. 46 at 4. Movant asserts further that Defendant maintains an "understandable unwillingness to make [Movant's] potentially dispositive arguments, in order to maintain the Superior Court's neutrality on [Movant's] state-law claims[.]" *Id.* at 5.

Plaintiffs' response is that, as discussed above, these "issues are not necessary to resolution of the question presented"—that is, they are irrelevant to the matter at hand. Dkt.

No. 43 at 18. Plaintiffs cite *Arakaki* for the premise that "the desire to raise additional arguments do[es] not establish inadequate representation." *Id.* (citing *Arakaki*, 324 F.3d at 1086). Such reliance, however, is misplaced. In *Arakaki*, the Ninth Circuit held that a potential intervenor "[wa]s not permitted to inject new, unrelated *issues* into the pending litigation." *Arakaki*, 324 F.3d at 1086 (emphasis added). But at this stage in the Court's analysis of Movant's motion, the inquiry is into lines of *argument*, not issues. The Court has determined that Movant has a significant protectable interest in this case. The question at this stage of the analysis, then, is whether Defendant will advance sufficient argument to adequately protect that interest. As discussed above, the record indicates that they will not.

### c. Necessary Elements

Movant does not identify "any necessary elements that [Movant] will bring to these proceedings that [Defendant] will neglect." *Berg*, 268 F.3d at 824. But given Movant's demonstration of its significantly protectable interest and its further showings regarding the inadequacy of Defendant's representation, such a failure is not fatal to the instant motion. *See id.* Rather, "[i]t is sufficient for [Movant] to show that, because of the difference in interests, it is likely that Defendant[] will not advance the same arguments as [Movant]. Resolution of this case will decidedly affect [Movant's] legally protectable interests and 'there is sufficient doubt about the adequacy of representation to warrant intervention.'" *Id.* (quoting *Trbovich*, 404 U.S. at 538). As discussed above, Movant has adequately demonstrated as much.

*        *        *

In sum, Movant has demonstrated that it is entitled to intervene as of right under Rule 24(a).

## B. Permissive Intervention

Even if Movant were not entitled to intervene as of right under Rule 24(a), it could intervene permissively under Rule 24(b). "[P]ermissive intervention 'requires (1) an independent

ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense in the main action.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). Additionally, "[w]hen the prerequisites for permissive intervention are met, a district court is 'entitled to consider other factors in making its discretionary decision on the issue of permissive intervention.'" *Brumback v. Ferguson*, 343 F.R.D. 335, 345 (E.D. Wash. 2022) (quoting *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022)). The Court will first examine the prerequisites for permissive intervention, then turn to the other discretionary factors.

### 1. Prerequisites for Permissive Intervention

#### a. Jurisdiction

"The requirement that intervenors provide an independent ground for jurisdiction is rooted in the 'concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts.'" *Brumback*, 343 F.R.D. at 345 (quoting *Freedom from Religion Found.*, 644 F.3d at 843). This is generally an issue in diversity cases, where the concern is that an intervenor's insertion of state-law claims into a federal case will bootstrap subject-matter jurisdiction where none existed before. But "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Freedom from Religion Found.*, 644 F.3d at 844; *see Blake v. Pallan*, 554 F.2d 947, 956–57 (9th Cir. 1977).

This is a straightforward federal-question case. *See* Dkt. No. 1 ¶¶ 8–9 (invoking federal-question subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1362, 2201). There are no state-law claims raised in the Complaint. Importantly, Movant seeks to intervene as a defendant and, as such, will not bring new state-law claims to the case. "Article III's standing requirement attaches to 'any person invoking the power of a federal court[.]'" *Brumback*, 343 F.R.D. at 345

(quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). But "[a] defendant is not the injured party in a lawsuit and its presence does not invoke the power of the federal court." *Id.* Movant's "ground for jurisdiction," then, "is rooted in the federal question that gives rise to the Court's original jurisdiction in this case. There is no insertion of a new state-law claim[.]" *Id.* Because Movant does not seek to "assert any new claims[,] . . . the independent jurisdictional requirement is inapplicable." *Jackson v. Abercrombie*, 282 F.R.D. 507, 520 (D. Haw. 2012). Plaintiffs' argument that Movant cannot intervene because it lacks Article III standing is thus without merit, and the jurisdictional requirement is satisfied. *See* Dkt. No. 43 at 13–14.

### b.    Timeliness

As discussed above, *see supra* Section III.A.1, the motion is timely.

### c.    Common Question of Law and Fact

"A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . . before the district court.'" *Brumback*, 343 F.R.D. at 346 (alteration and omission in original) (quoting *Greene*, 996 F.2d at 978). Movant asserts that "Plaintiffs' challenge to the Superior Court's jurisdiction as well as [Movant's] defense of the state court's jurisdiction involve the same exact questions of law and fact." Dkt. No. 38 at 14. The Court agrees. In working to defeat Plaintiffs' claims in this case, Defendant and Movant seek the same thing.

For their part, Plaintiffs argue that Movant's "objective is to prevent the consequences of a potential ruling—to preserve a state-court injunction and insulate itself from the downstream effects of an adverse determination in this case." Dkt. No. 43 at 15. But the same can be said for any defendant in any case. As crystallized within the Constitution's case-or-controversy requirement, which requires real conflict concerning real things, it is, in reality, the "downstream effect" of any order that matters. That Movant seeks the benefit derived from prevailing in this

ORDER ON MOTION TO INTERVENE – 14

case—i.e., the preservation of its pending state-court action—is an observation that points neither toward nor away from intervention.

*        *        *

In sum, Movant has satisfied the requirements for permissive intervention under Rule 24(b).

### 2.        Discretionary Factors

The Ninth Circuit provides the following additional relevant factors that a court may consider when deciding whether to grant permissive intervention:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Callahan*, 42 F.4th at 1022 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). None of these factors cautions against Movant's permissive intervention in this case. The last factor—regarding the "full development of the underlying factual issues in the suit"—strongly weighs in favor of intervention. Movant describes Plaintiffs' briefing on certain issues as "inaccurate" (Dkt. No. 46 at 3), "wildly inaccurate" (*id.*), and as "sow[ing] confusion" (*id.* at 2). Although this refers to Plaintiffs' briefing in opposition to intervention, Plaintiffs reprise these issues in their opposition to Defendants' motion to dismiss. *See, e.g.*, Dkt. No. 53 at 10 (discussing "governance of federally set-aside Indian land"), 38 (discussing nature of Treaty of Medicine Creek). The Court's clear comprehension of these issues will be necessary when evaluating Defendant's motion to dismiss. Moreover, Plaintiffs also oppose dismissal by

challenging the underlying factual allegations in the state-court complaint. *See id.* at 14–15. Movant—which made those allegations in the first place—is particularly well situated to provide the Court with a full hearing of what Plaintiffs characterize as "unsupported . . . record-stacking." *Id.* at 14. The Court is hard-pressed to find that such development of the record would *not* "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Callahan*, 42 F.4th at 1022.

Therefore, the Court finds that Movant's permissive intervention would be appropriate here.

### IV.    CONCLUSION

Accordingly, Movant's motion to intervene (Dkt. No. 38) is GRANTED. It is hereby ORDERED:

(1)    Movant SHALL file an answer-in-intervention **within fourteen (14) days** of this Order.

(2)    If Movant intends to file a motion to dismiss, it SHALL do so **within forty-five (45) days** of this Order.

(3)    Any opposition to Movant's motion to dismiss SHALL be filed **no later than twenty-one (21) days** after the filing date of the motion.

(4)    Any reply brief SHALL be filed **no later than twenty-eight (28) days** after the filing date of the motion.

(5)    The Clerk is DIRECTED to re-note Defendant's motion to dismiss (Dkt. No. 42) to **August 24, 2026.**

Dated this 10th day of June 2026.

Tana Lin
United States District Judge

ORDER ON MOTION TO INTERVENE – 16